May Term,<br>1856.<br><br>BEATTY<br>v.<br>KRAUSKOPF.

---

## BEATTY *v.* KRAUSKOPF and Another.

Complaint for the recovery of a town lot. Answer, setting up a claim thereto under a purchase at a sale for taxes made in *January*, 1851, for delinquent taxes of the year 1849, assessed against the lot as the property of the plaintiff. Reply, that during all the year 1849, there was personal property on the lot of which the taxes might have been levied, &c. There having been a statute authorizing taxes to be levied, &c., after the first day of *January* next after they were returned delinquent, *held*, on demurrer, that the reply was insufficient.

APPEAL from the *Miami* Circuit Court.

*Wednesday,*<br>*June* 11.

GOOKINS, J.—This was an action by the appellant against the appellees, to recover a lot of ground in the town of *Peru*.

The complaint is in the usual form for the recovery of real property, claiming the lot in fee. The defendants

answered in four paragraphs, of which the third only need be noticed. It sets up a claim to the lot under a purchase at a sale for taxes, made in *January*, 1851, for delinquent taxes of the year 1849, assessed against the lot as the property of the plaintiff. To this the plaintiff replied, that during all the year 1849, a tenant (whether of the plaintiff or some one else is not stated) was in possession of the lot, who had at all times a large amount of personal property thereon, of which the taxes might have been levied. It is not averred that he owed for rent of the lot. To this reply the Circuit Court sustained a demurrer, and gave judgment for the defendant.

Section 56, p. 218, R. S. 1843, provides that in case any person shall refuse or neglect to pay the taxes imposed on him, the county treasurer shall, after the first day of *December*, levy the same, together with five per cent. damages, and the costs, &c., by distress and sale of the goods and chattels of such person as ought to pay the same, wheresoever the same may be found within the county. Section 161, p. 234, of the same statute, provides that when the taxes on any real estate shall have been collected of any occupant or tenant, and any other person, by agreement or otherwise, ought to pay such tax, or any part thereof, such occupant or tenant shall be entitled to recover by action, the amount which such person ought to have paid, or to retain the same from any rent due or accruing from him to such person, for the land so taxed.

The question which the parties have discussed, does not arise in this record. The pleader who drew the reply, probably overlooked a subsequent statutory provision changing the time of making a distress from the first of *December* to the first of *January*. Laws of 1844, p. 102. Under that statute, however it might have been under the former, the reply is clearly bad, because it does not show that there was property of any person upon the premises, at a time when a distress could have been made.

As the judgment must be affirmed, we will not anticipate questions which may arise in another suit.

*Per Curiam.*—The judgment is affirmed with costs.

*A. A. Cole, E. T. Dickey* and *H. P. Biddle,* for the appellant.

*N. O. Ross* and *R. P. Effinger,* for the appellees.